**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO. 06-23035-CIV-COOKE/BANDSTRA**

GRIGSBY & ASSOCIATES, INC., *et al.,*

    *Plaintiffs*,

v.

M SECURITIES INVESTMENT, INC.,
*et al.,*

    *Defendants*.
_____/

**ORDER CONFIRMING ARBITRATION AWARD**

    This matter is before me on Plaintiffs' Motion to Vacate the Arbitration Award [D.E. 56], and Defendants' Cross-Motion to Confirm the Award [D.E. 70]. The grounds Plaintiffs set forth in support of vacating the Award are insufficient. I am, therefore, confirming the Arbitration Award.

*I. BACKGROUND*

    Defendant, M Securities Investment, Inc. ("M Securities") and Plaintiff, Grigsby & Associates, Inc. ("Grigsby") are members of the Financial Industry Regulatory Authority ("FINRA").[1] Members are obligated to arbitrate disputes that arise in connection with their business with other members under their agreement with FINRA. In September 2006, M Securities initiated arbitration proceedings against Grigsby. The subject of the arbitration was a dispute over underwriting fees allegedly owed in connection with a municipal bond transaction that occurred in 1996. Arbitration proceedings unfolded throughout the spring and fall of 2007. On October 19,

---

    [1]    FINRA was formerly known as the National Association of Securities Dealers, Inc. ("NASD"). The rules regulating these bodies are identical and are used interchangeably for purposes of this opinion.

2007, the FINRA Arbitration Panel ("Panel") issued its Amended Award ("Award"). The Award is very brief, and is essentially summed up in the following paragraph:

> After considering the pleadings, the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows: Respondents [Grigsby & Associates, Inc. and Calvin B. Grigsby] are jointly and severally liable on the claim of breach of contract and shall pay to Claimant [M Securities] compensatory damages in the amount of $100,201.10, plus interest at the Florida legal rate from September 10, 1996, until the date of payment of the Award.

Defs.' Resp. to Mot. to Vacate and Cross-Mot. to Confirm Arbitration Award, Ex. 3 (Amended Award, FINRA Dispute Resolution) [D.E. 70].

## II. LEGAL STANDARD

An arbitration panel's decision must be afforded considerable deference. *Osram Sylvania, Inc. v. Teamsters Local Union*, 87 F.3d 1261, 1263 (11th Cir. 1996). The Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, creates a presumption in favor of confirming arbitration awards. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288 (11th Cir. 2002); *see also B.L. Harbert Intern., LLC v. Hercules Steel Co.*, 441 F.3d 905, 909 (11th Cir. 2006) ("Judicial review of commercial arbitration awards is narrowly limited under the Federal Arbitration Act."). Arbitration awards are routinely confirmed. *Riccard*, 307 F.3d at 1288 (citing *Gianelli Money Purchase Plan & Trust v. ADM Investor Svc., Inc.*, 146 F.3d 1309, 1312 (11th Cir. 1989)).

Under 9 U.S.C. § 10(a)(3), an arbitration award may be vacated "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy." Additionally, an arbitration award may be vacated (1) if it is arbitrary and capricious, (2) if its enforcement is contrary to public policy, or (3) if it demonstrates a manifest disregard of the law. *Pebbles v. Merrill Lynch, Pierce, Fenner &*

*Smith, Inc.*, 431 F.3d 1320, 1326 (11th Cir. 2005). "An award is arbitrary and capricious only if 'a ground for the arbitrator's decision cannot be inferred from the facts of the case.'" *Ainsworth v. Skurnick*, 960 F.2d 939, 941 (11th Cir. 1992). The test for whether an award violates public policy is "whether the award offends some basic principle of justice or morality or threatens to frustrate some urgent public necessity." *Cf. Rintin Corp., S.A. v. Domar, Ltd.*, 476 F.3d 1254, 1258 (11th Cir. 2007) (applying Florida law which also considers violations of public policy as grounds for vacating an arbitration award). A manifest disregard of the law is "more than a misinterpretation, misstatement or misapplication of the law . . . it involves a conscious and deliberate decision to ignore the applicable law." *Pebbles*, 431 F.3d at 1326 (noting that under this criteria there must be some showing that the arbitrators knew the law and expressly disregarded it).

### III. ANALYSIS

Grisgby urges this Court to vacate the Award on several grounds. First, Grigsby asserts that M Securities "sought to recover on an alleged oral agreement . . . which was never subject to arbitration." Pls.' Am. Mot. to Vacate, 7 [D.E. 56]. Second, Grigsby argues that the Panel improperly arbitrated the matter outside the eligibility period. *Id.* Third, Grigsby claims that the Panel engaged in misconduct when it refused to grant Grigsby's postponement request and did not allow the introduction of certain evidence. *Id.* at 9-12. Fourth, Grigsby asserts that the Panel exhibited a manifest disregard for the law by refusing to apply the statute of limitations and by improperly considering parol evidence. *Id.* at 13-17, 19-20. Fifth, Grigsby claims that the arbitrators disregarded Girgsby's argument that M Securities waived its right to arbitrate. *Id.* at 17. Finally, Grigsby argues that the Award was arbitrary and capricious because it failed to articulate any rationale for its decision. *Id.* at 20-21.

### A. *The Panel Reasonably Concluded That the Agreement Between M Securities and Grigsby Was Subject to Arbitration.*

In addressing Grigsby's first argument that the oral agreement was not subject to arbitration, I note that, as a threshold issue, any doubts concerning the scope of arbitrable issues must be resolved in favor of arbitration. *Kidd v. Equitable Life Assur. Soc'y of the U.S.*, 32 F.3d 516, 519 (11th Cir. 1994) (quoting *Moses H. Cone Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)). FINRA Rule 10101 subjects a dispute to arbitration where it arises in connection with business between members or associated persons. Moreover, an oral agreement between members may still be subject to mandatory arbitration under the Code. *See, e.g., Multi-Financial Sec. Corp. v. King*, 386 F.3d 1364, 1367 (11th Cir. 2004) (noting that the NASD Code may serve as a "sufficient written agreement to arbitrate" even absent a written agreement between the parties to arbitrate). Since it was reasonable for the Panel to conclude that this matter was arbitrable, I find no cause to vacate the Award.

### B. *The Panel Reasonably Concluded That the Matter Was Within the Eligibility Period.*

The next issue is whether the arbitration was initiated outside of the eligibility period. Rule 10304(a) of the NASD Code of Arbitration Procedure provides that:

> No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy. *The panel will resolve any questions regarding the eligibility of a claim under this Rule.*

(emphasis added). The Supreme Court has concluded that the issue of whether a matter is arbitrable under the eligibility rule is inherently a question "for the arbitrator, not for the judge." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 85 (2002). In rendering the Award, the Panel implicitly made a decision as to the arbitrability of this matter. In this case, Grigsby argued that any claim that

M Securities had regarding outstanding fees accrued upon the closing of the bond transaction in 1996. Accordingly, it was Grigsby's position that this matter was brought outside of the six year eligibility period. M Securities asserted that when Grigsby settled a claim, in 2005, against a third party for money owed in connection with the municipal bond deal, that was the triggering event giving rise to the dispute. Essentially, M Securities' argument was that the event giving rise to the dispute was a continuing event that unfolded over several years. Based on these facts, the Panel could have reasonably accepted M Securities' argument and concluded that this matter was within the eligibility period. Accordingly, I find no basis for overturning the Panel's decision on this issue.

   ***C. The Panel Afforded Girgsby a Fundamentally Fair Hearing by Considering All Evidence Offered.***

Grigsby's next argument is that the Panel engaged in misconduct by refusing to grant Grigsby's postponement request and by not admitting certain evidence. On the eve of arbitration, Grigsby asked for a ten-day postponement to allow its recently retained counsel to become familiar with the case. Defs.' Resp. to Mot. to Vacate and Cross-Mot. to Confirm Arbitration Award, Ex. 6 [D.E. 70]. Grigsby's new attorney later sought a thirty-day continuance. *Id.* The Panel granted both requests for more time. *See* Pls.' Am. Mot. to Vacate, 10 [D.E. 56]. The assertion that the Award should be vacated because the Panel improperly denied a legitimate postponement request does not have merit since both requests were granted.

Grigsby argues that it was prejudiced, not necessarily by the Panel's refusal to grant more time, but rather, by refusing to allow it to present direct evidence on rebuttal, which was necessary due to its having obtained counsel on the eve of arbitration. It appears that Grigsby's newly retained counsel did not have adequate time to familiarize himself with the file and therefore found himself in the position of attempting to put on direct evidence during the rebuttal phase of the case. The

essence of Grigsby's argument is that the Panel refused to admit testimonial evidence at the October session, that would establish what the "standard terms" were, in 1996, regarding the Agreement Among Underwriters ("AAU"). *Id.* at 10-12. Additionally, Grigsby complains that it was not permitted to introduce into evidence the "standard terms" as they existed in 2007 as an exemplar of the 1996 version. *Id.* at 12.

"In making evidentiary determinations, arbitrators are not required to follow all the niceties observed by the federal courts, but they must give the parties a fundamentally fair hearing." *Rosensweig v. Morgan Stanley & Co., Inc.*, 494 F.3d 1328, 1333 (11th Cir. 2007) (internal quotation marks and citation omitted). The Panel exercised its discretion and refused to permit the evidence either because it had not been timely disclosed to the opposing party, or because it was parol evidence. *Compare* Pls.' Am. Mot. to Vacate, 12 [D.E. 56] ("The Panel refused to allow the introduction of an exemplar document . . . stating as its reason that it had not been turned over to the Claimants twenty days prior to the October hearing session.") *with* Defs.' Resp. to Mot. to Vacate and Cross-Mot. to Confirm Arbitration Award, 11 [D.E. 70] (referring to the standard terms of the AAU agreement and explaining that "[t]he Panel exercised the discretion granted to it by NASD Rule 10323 and determined that they didn't want parol evidence related to the standard terms") (citations and internal quotation marks omitted). I cannot second-guess an arbitration panel, especially where such a panel operates with less evidentiary constraints than a court. *Cf. Rosensweig*, 494 F.3d at 1333 (noting that arbitrators are not bound by the same rules of evidence as a federal judge). In this case, the Panel considered all of the disputed evidence that Grigsby proffered, but ultimately concluded that it should not be admitted. By considering the admissibility of the evidence and articulating a coherent reason for disallowing it, Grigsby received a fundamentally fair hearing.

### D.     The Panel Did Not Exhibit a Conscious and Deliberate Disregard For the Law.

Grigsby next asserts that the Panel exhibited a manifest disregard for the law by refusing to apply the statute of limitations to M Securities' claim and by improperly considering parol evidence with respect to the alleged oral agreement.  The reasoning in the Award is so minimal that it is unclear how the Panel applied the statute of limitations argument to the facts of this case or whether the Panel actually considered the parol evidence that was proffered.  Neither party has pointed the Court to the arbitration transcript as shedding light on how the panel treated the statute of limitations and parol evidence issues.  In any event, there is no evidence that the Panel's rulings on these issues exhibited a conscious and deliberate decision to ignore applicable law, which is the appropriate standard of review.  *See Pebbles v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 431 F.3d 1320, 1326 (11th Cir. 2005) (noting that in order to vacate an arbitration award there must be some showing that the arbitrators knew the law and expressly disregarded it).  Even if I were to find that the Panel misapplied or misinterpreted the law, it would still be improper to vacate the Panel's decision on these grounds.  *Id.*  Unless it can be shown that a panel knowingly disregarded the law as they understood it, a court must confirm the award.  *See id.*  Accordingly, there is no basis to vacate the award based on Grigsby's argument that the Panel improperly considered parol evidence, or refused to apply the statute of limitations.

### E.     The Panel's Decision That No Waiver Occurred Was Not a Manifest Disregard For the Law.

Grigsby contends that the arbitrators should have found that M Securities waived its right to arbitrate because, prior to the arbitration proceedings, it filed several lawsuits naming Grigsby as a defendant.  "Waiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the

opposing party." *Morewitz v. W. of England Ship Owners Mut. Prot. & Indem. Assoc.*, 62 F.3d 1356, 1366 (11th Cir. 1995). All of the cases cited by Grigsby for its contention that a waiver occurred in this case have a common theme – that a lawsuit was filed *and prosecuted*. In contrast, although M Securities filed lawsuits naming Grigsby as a defendant, it never served Grigsby with a summons, and never prosecuted or litigated these actions against Grigsby. Grigsby has not cited, nor have I discovered, any case where the mere filing of a lawsuit, without more, was sufficient to support a finding of prejudice or waiver of a right to arbitrate. Under these circumstances, the Panel's decision on the issue cannot constitute a manifest disregard for the law.

    **F.**  ***The Award's Lack of Explanation Does Not Render It Arbitrary and Capricious.***

Lastly, Grigsby argues that the Award was arbitrary and capricious because it failed to articulate any rationale for its decision. It is, however, well-settled that arbitrators are not required to explain an arbitration award and that their silence cannot be used to infer grounds for vacating the award. *Sullivan, Long & Hagerty, Inc. v. Local 559 Laborers' Int'l. Union of N. Am.*, 980 F.2d 1424, 1427 (11th Cir. 1993). The proper focus of this inquiry is not whether the Award was sufficiently explained, but simply whether any rational basis existed upon which the Award could have been rendered. *See Brown v. Rauscher Pierce Refsnes, Inc.*, 994 F.2d 775, 781 (11th Cir. 1993). In this case, M Securities presented competent evidence that it was owed money in connection with a municipal bond transaction. The Panel heard arguments and received evidence in this case over the course of fourteen hearing sessions. Defs.' Resp. to Mot. to Vacate and Cross-Mot. to Confirm Arbitration Award, Ex. 3 (Amended Award, FINRA Dispute Resolution) [D.E. 70]. The Award is not arbitrary and capricious merely because of its brevity, especially where the record reveals that the Panel received considerable evidence on the issues and, given the facts in the case, had a rational basis for its decision. The Panel's failure to affirmatively explain the grounds upon

which it ruled is not sufficient reason to vacate.

### IV.  CONCLUSION

Having carefully reviewed all of Grigsby's arguments, I must conclude that, in each instance, the Panel's actions and decisions do not meet the high standard required to vacate the Award. Accordingly, Grigsby's Amended Motion to Vacate [D.E. 56] is denied, and M Securities' Cross-Motion to Confirm [D.E. 70] is granted. All other outstanding motions are denied as moot. The clerk is directed to administratively close this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29TH day of July 2008.

_____
MARCIA G. COOKE
United States District Judge


Copies furnished to:
*The Honorable Ted E. Bandstra*
*Counsel of Record*