UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 06-23035-CIV-COOKE/BANDSTRA

GRIGSBY & ASSOCIATES, INC., *et al.*,

    Plaintiffs

vs.

M SECURITIES INVESTMENTS, INC., *et al.*,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO ALTER OR AMEND FINAL JUDGMENT**

THIS MATTER is before me upon Defendants M Securities Investment, Inc., and Howard V. Gary's (collectively, "M Securities"), Motion to Alter or Amend the Final Judgment. [ECF No. 160]. For the reasons stated below, the Motion is granted in part and denied in part.

### I.    BACKGROUND

This dispute originates from the breach of an underwriting agreement related to certain industrial revenue bonds. [ECF No. 1]. On September 15, 2006, M Securities initiated arbitration proceedings alleging that Grigsby & Associates Inc. and Calvin Grigsby ("Grigsby") failed to pay M Securities underwriting fees in the amount of $250,000.00 and 50% of the net profit of the bond offering and swap transactions that were subject to the underwriting agreement. [ECF No. 1, Ex. A]. On December 18, 2006, Grigsby filed this action to stay the arbitration and served an Emergency Motion for Temporary Injunction to prevent the arbitration from going forward. [ECF No. 1]. Arbitration continued and on October 19, 2007, the arbitration panel entered an award in favor of M Securities (the "Arbitral Award").

On September 17, 2009, this Court imposed sanctions against Grigsby in the amount of $18,885.50 for filing numerous non-meritorious pleadings. [ECF No. 143]. Final Judgment confirming the Arbitral Award was entered on October 28, 2009. [ECF No. 151]. The Final Judgment did not include the imposed sanctions. On November 6, 2009, M Securities filed a timely Motion to Alter or Amend the Final Judgment. [ECF No. 160].

## II.     LEGAL STANDARD

The purpose of a motion to amend is to "identify newly-discovered evidence" or correct, "manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). A motion to amend brought under Federal Rule of Civil Procedure 59(e) cannot be used to re-litigate matters that already have already been considered. *Id*. A "district court may freely amend its judgment to correct errors arising from an oversight or omission before an appeal from that judgment is docketed in the appellate court." *General American Life Ins. Co. v. AmSouth Bank*, 100 F.3d 893 (11th Cir. 1996); Fed. R. Civ. P. 60(a).

## III.     ANALYSIS

The Arbitral Award requires Grigsby to pay M Securities compensatory damages in the amount of $100,201.10 plus interest at the Florida legal rate as of September 10, 1996, sanctions in the amount of $10,000.00, attorney's fees in the amount of $1,800.00 and $2,000.00 for filing fees. The Final Judgment conforms to the Arbitral Award and assigns additional prejudgment and post-judgment interest to the awarded sanctions, attorney's fees and filing fees. M Securities now seeks to alter or amend the Final Judgment by challenging the interest rates applied to the Arbitral Award, requesting the inclusion of the sanctions imposed against Grigsby in the amount of $18.885.50 and requesting the inclusion of Grigsby & Associates Inc.'s and Calvin Grigsby's addresses in the Final Judgment.

*Interest on Compensatory Damages*

M Securities argues that the Final Judgment should be amended because the interest rate applied to the compensatory damages fails to account for the varying Florida legal rate from year to year. Pursuant to the rules governing the arbitration[1], the arbitration panel had the authority to set appropriate interest rates for the Arbitral Award. The arbitral panel intended for the pre-award, prejudgment and post-judgment interest on the compensatory damages to be assessed at the Florida legal rate as of September 10, 1996. The Final Judgment correctly applies the 1996 interest rate of 10%[2], which is to accrue from September 10, 1996, until the judgment is paid.

*Interest on Sanctions, Attorney's Fees and Filing Fees*

M Securities requests the addition of prejudgment interest for the period of time between the issuance of the Arbitral Award and the entry of Final Judgment. "[P]re-judgment interest is not a penalty, but compensation to the plaintiff for the use of funds that were rightfully his … and absent any reason to the contrary, it should normally be awarded when damages have been liquidated" by an arbitration award. *Indus. Risk. Insurers v. M.A.N. Guteoffnungshutte GmbH*, 141 F.3d 1434, 1446-47 (11th Cir. 1998) (internal citations omitted). Guided by principles of reasonableness and fairness, it is within the discretion of the Court to determine the appropriate prejudgment interest rate. *Werner Enterprises, Inc. v. Westwind Maritime Intern., Inc.*, 554 F.3d 1319, 1328 (11th Cir. 2009). Under Florida law, prejudgment interest is calculated from the day an arbitration award is rendered until the date that award is confirmed. *See Okun v. Litwin Sec., Inc.*, 652 So.2d 387, 389 (Fla. 3d DCA 1995); *Royster Co. v. Union Carbide Corp.*, 737 F.2d

---

[1] The arbitration was governed by the Rules of the National Association of Securities Dealers, Inc. ("NASD"), now known as the Financial Industry Regulatory Authority ("FINRA"). The rules regulating these bodies are identical for purposes of this opinion.

[2] The Florida statutory interests rates from 1981 to 2010 can be found online at the Florida Department of Financial Services website (http://www.myfloridacfo.com/aadir/interest.htm).

941, 948 (11th Cir. 1984)(state law governs the award of interest). The Arbitral Award was issued on October 19, 2007 and was confirmed on July 30, 2008. [ECF No. 89]. The Florida legal rate was 11% in 2007. Accordingly, the appropriate prejudgment interest on the awarded sanctions, attorney's fees and filing fees, to be calculated from the date of the Arbitral Award to the date of its confirmation, is 11%. Post-judgment interest is calculated from the date an arbitration award is confirmed until the award is paid. *Okun*, 652 So.2d at 389. Therefore, the appropriate post-judgment interest is also 11%[3].

### *Inclusion of Sanctions in the Amount of $18,885.50*

M Securities also seeks to amend the Final Judgment to include the sanctions imposed against Grigsby in the amount of $18,885.50. Grigsby filed a notice of appeal regarding these sanctions on October 16, 2009. [ECF No. 150]. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982)). This Court no longer has jurisdiction over the imposed sanctions and therefore has no authority to include them in the Final Judgment. *See U.S. v. Napper*, 887 F.2d 1528 (11th Cir. 1989); Fed. R. Civ. P. 60(a).

### *Addresses of Judgment Debtors*

Finally, M Securities asks that Grigsby's address be included in the Final Judgment. Final Judgment will be amended to include the last known addresses of Grigsby & Associates Inc. and Calvin Grigsby.

---

[3] The Florida legal rate in 2008 was 11%.

### *IV.    CONCLUSION*

For the reasons set forth above, it is **ORDERED** and **ADUDGED** that M Securities shall recover from Grigsby & Associates, Inc., 311 California Street, Suite 320, San Francisco, CA, 94104, and Calvin B. Grigsby, 311 California Street, Suite 320, San Francisco, CA 94104, jointly and severally, compensatory damages in the amount of $100,201.10, plus pre-judgment and post-judgment interest at 10%, which was the applicable Florida legal rate in 1996, when damages arose. This interest shall accrue until the judgment is paid.  M Securities shall also recover sanctions in the amount of $10,000.00 for failing to comply with discovery obligations, attorney's fees in the amount of $1,800.00, and filing fees in the amount of $2,000.00, which amounts shall accrue interest at the Florida legal rate of 11% from the date of the Arbitral Award until paid, for which let execution issue according to law.

**DONE and ORDERED** in Chambers, at Miami, Florida, this 30th day of September 2010.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:

*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*