# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**John Ley**
Clerk of the Court

For rules and forms visit
www.ca11.uscourts.gov

October 19, 2012

FILED by _HH_ D.C.

OCT 2 6 2012

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

Steven M. Larimore
Clerk, U.S. District Court
400 N MIAMI AVE RM 8N09
MIAMI FL 33128-1813

**Appeal Number: 09-11817-CC**
Case Style: Grigsby & Associates v. M Securities Investment
District Court Number: 06-23035 CV-MGC

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

John Ley, Clerk of Court

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

| | |
|---|---|
| No. 09-11817 | FILED<br>U.S. COURT OF APPEALS<br>ELEVENTH CIRCUIT<br>Dec 20, 2011<br>JOHN LEY<br>CLERK |
| District Court Docket No.<br>06-23035-CV-MGC | |

GRIGSBY & ASSOCIATES, INC.,
CALVIN B. GRIGSBY,

        Plaintiffs-Appellants,

versus

M SECURITIES INVESTMENT,
HOWARD GARY & COMPANY,
HOWARD V. GARY,
NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.,

        Defendants-Appellees.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Southern District of Florida

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

    Entered: December 20, 2011
For the Court: John Ley, Clerk
       By: Clark, Djuanna

ISSUED AS MANDATE
OCT 19 2012
U.S. COURT OF APPEALS
ATLANTA GA

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 09-11817

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 20, 2011
JOHN LEY
CLERK

D. C. Docket No. 06-23035-CV-MGC

GRIGSBY & ASSOCIATES, INC.,
CALVIN B. GRIGSBY,

                 Plaintiffs-Appellants,

versus

M SECURITIES INVESTMENT,
HOWARD GARY & COMPANY,
HOWARD V. GARY,
NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.,

                 Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Florida

(December 20, 2011)

Before EDMONDSON and PRYOR, Circuit Judges, and EVANS,* District Judge.

---

 * Honorable Orinda Evans, United States District Judge for the Northern District of Georgia, sitting by designation.

PER CURIAM:

This case is about whether the district court should have permitted a dispute to be arbitrated. Plaintiffs, Grigsby & Associates, Inc.,[1] argue that the district court should have enjoined the arbitration proceedings, in part because Defendants, M Securities Investment, Inc.,[2] waived the right to arbitrate by engaging in litigation conduct inconsistent with that right. Plaintiffs also argue that, even if arbitration was permissible, the district court should have vacated the award the arbitration panel entered in Defendants' favor. Because we conclude that the district court abused its discretion by failing to decide itself whether Defendants had waived the right to arbitrate, we vacate the district court's order declining to enjoin the arbitration and remand for that court to decide the waiver issue.

I. BACKGROUND

In 1996, Plaintiffs and Defendants entered into an agreement to co-

---

[1] The president of Grigsby & Associates, Calvin Grigsby, is also a party to this appeal. We refer to the parties collectively as "Plaintiffs."

[2] M Securities earlier did business as Howard Gary & Company. Both Howard Gary & Company and Howard V. Gary are parties to this appeal. We refer to these parties collectively as "Defendants."

2

underwrite a $183-million municipal bond offering that was to be issued by Dade County, Florida. The dispute underlying this case arose when a third party involved in that bond offering, GBR Financial Products ("GBR"), failed to pay Plaintiffs; and Plaintiffs in turn failed to pay Defendants.

A series of lawsuits followed: Plaintiffs sued GBR in federal court, and Defendants filed four civil actions -- three in federal court and one in Florida state court -- against groups that included Plaintiffs and various other parties. In 2005, Plaintiffs reached a financial settlement with GBR.

In 2006, Defendants -- having learned of Plaintiffs' settlement with GBR -- initiated an arbitration proceeding against Plaintiffs before the National Association of Securities Dealers ("NASD") Dispute Resolution board.[3] Defendants sought $2 million in damages: the amount Defendants claimed they were owed for their role in the bond offering. Plaintiffs moved to dismiss the arbitration, but the NASD panel denied the motion. Plaintiffs then filed this action seeking to enjoin the arbitration.

The district court denied Plaintiffs' motion for a temporary injunction, and the arbitration proceedings went forward. The NASD panel ultimately issued a decision awarding Defendants compensatory damages of $100,201, plus interest

---

[3] Plaintiffs and Defendants were NASD members.

3

and attorney's fees. The panel also sanctioned Plaintiffs in the amount of $10,000 for failing to comply with discovery obligations.

In the district court, Plaintiffs moved to vacate the arbitration award; and Defendants moved to confirm it. The district court confirmed the award. Plaintiffs unsuccessfully moved to amend the district court's judgment and then filed this appeal.

## II. STANDARD OF REVIEW

We review the district court's order denying an injunction for abuse of discretion, but we examine <u>de novo</u> the district court's underlying legal conclusions on which the denial is based. <u>Fed. Election Comm'n v. Reform Party of the U.S.</u>, 479 F.3d 1302, 1306 (11th Cir. 2007).

## III. DISCUSSION

Plaintiffs appeal both the district court's denial of an order enjoining arbitration and the court's order confirming the arbitration award.[4] We begin our

---

[4] Plaintiffs ask us also to reverse the district court's denial of Rule 11 sanctions against Defendants. But Plaintiffs' brief fails to argue this issue, abandoning it. <u>See</u> <u>Greenbriar, Ltd. v.</u>

4

discussion with the denied injunction; and we are also able to end our discussion with this issue, because we conclude that it is dispositive of this appeal.

Plaintiffs argue that the district court should have enjoined arbitration for two reasons: first, because the arbitration was barred by res judicata and, second, because Defendants waived the right to arbitrate by filing several lawsuits against Plaintiffs before initiating arbitration proceedings.[5]

Both of these arguments implicate the division of labor between courts and arbitrators: which decisionmaker is presumptively -- that is, in the absence of some agreement to the contrary between the contracting parties -- responsible for deciding certain arbitration-related questions. The Supreme Court explained this division of labor in Howsam v. Dean Witter Reynolds, Inc., 123 S. Ct. 588 (2002). In Howsam, the Supreme Court noted two questions that are presumptively for the courts: "whether the parties are bound by a given arbitration clause" and "whether an arbitration clause in a concededly binding contract applies to a particular type of controversy." Id. at 592. But the Supreme Court also listed other questions that

---

City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989). In addition, the notice of appeal is inadequate to cover the denial of the motion for sanctions. See Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1373 (11th Cir. 1983).

[5] Plaintiffs also argue that the arbitrated dispute falls outside of their arbitration agreement with Defendants. But, as Defendants point out, Plaintiffs did not present this argument to the district court in their motion for an injunction; so, we do not consider this issue. See Bryant v. Jones, 575 F.3d 1281, 1308 (11th Cir. 2009).

5

are presumptively for the arbitrator, including "procedural questions which grow out of the dispute and bear on its final disposition," and "allegations of waiver, delay, or a like defense to arbitrability." Id. (internal quotation marks and citations omitted).

The Supreme Court also indicated in Howsam that, in determining whether a specific question is presumptively for the court or for the arbitrator to resolve, it is important to consider the comparative expertise of the respective decisionmakers and also the contracting parties' likely expectations about which decisionmaker would adjudicate a given issue: "for the law to assume an expectation that aligns (1) decisionmaker with (2) comparative expertise will help better to secure a fair and expeditious resolution of the underlying controversy -- a goal of arbitration systems and judicial systems alike." Id. at 593.

These considerations have guided us in further working out the presumptive division of labor between courts and arbitrators. After Howsam, we have described that division of labor in this way:

> Generally speaking, courts are empowered to resolve disputes that solely involve whether a particular claim should be resolved in court or arbitration. Arbitrators, are [sic] the other hand, are empowered, absent an agreement to the contrary, to resolve disputes over whether a particular claim may be successfully litigated anywhere at all . . . or has any substantive merit whatsoever. Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1109 (11th Cir. 2004) (citation omitted).

6

Klay is particularly important to this case because we said in Klay that res judicata is in the category of "disputes over whether a particular claim may be successfully litigated anywhere at all": a dispute that is presumptively assigned to the arbitrator. Id. Today we stand by Klay and repeat that res judicata is a question for the arbitrator, in the absence of an agreement to the contrary between the contracting parties.

The district court, in denying Plaintiffs' motion for an injunction, did not take up the merits of Plaintiffs' res judicata claim. This approach was correct; we reject Plaintiffs' argument that the district court erred in this respect.

The remaining question is whether the district court should have decided the merits of Plaintiffs' argument that Defendants had waived the right to arbitrate by first filing four lawsuits against Plaintiffs: conduct which Plaintiffs say was inconsistent with reliance on an arbitration agreement. For background, see Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n, 62 F.3d 1356, 1366 (11th Cir. 1995).

In Howsam the Supreme Court listed as issues presumptively for the arbitrator "allegations of waiver, delay, or a like defense to arbitrability." Howsam, 123 S. Ct. at 592. Notwithstanding this language, three Circuit Courts of Appeal have interpreted Howsam as presumptively assigning to courts -- rather

7

than to arbitrators -- questions involving allegations of waiver when the waiver is specifically based on a party's conduct. See JPD, Inc. v. Chronimed Holdings, Inc., 539 F.3d 388, 393-94 (6th Cir. 2008) (party wrote a letter disputing allegations before seeking arbitration); Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 217-19 (3d Cir. 2007) (party defended against a lawsuit for four years before seeking arbitration); Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 12-14 (1st Cir. 2005) (party participated in EEOC proceedings before seeking arbitration); but see Nat'l Am. Ins. Co. v. Transamerica Occidental Life Ins. Co., 328 F.3d 462, 466 (8th Cir. 2003) (ordering issue of conduct-based waiver to be presented to arbitrator). Circuits, in the most part, treated Howsam's use of the term "waiver" as referring not to conduct-based waiver, but to a "defense[] arising from non-compliance with contractual conditions precedent to arbitration." Ehleiter, 482 F.3d at 219; JPD, Inc., 539 F.3d at 393-94.

The reasoning of the First, Third, and Sixth Circuits is persuasive to us. Today we conclude that it is presumptively for the courts to adjudicate disputes about whether a party, by earlier litigating in court, has waived the right to arbitrate. This presumption leaves the waiver issue to the decisionmaker with greater expertise in recognizing and controlling abusive forum-shopping. Ehleiter, 482 F.3d at 218; JPD, Inc., 539 F.3d at 394; see also Howsam, 123 S. Ct. at 593

8

(continuing)

(stressing the need to consider the comparative expertise of courts and arbitrators).

This presumption also aligns with this Court's history of adjudicating conduct-based waiver claims.[6] We do not understand Howsam, which involved no allegations of waiver, to override our approach in those earlier decisions. To the contrary, even after Howsam, we have said that it is the courts that "are empowered to resolve disputes that solely involve whether a particular claim should be resolved in court or arbitration." Klay, 376 F.3d at 1109. As our pre-Howsam cases reflect, disputes over alleged conduct-based waiver fit that description; and so those disputes are presumptively for courts to resolve.

The district court, in denying Plaintiffs' motion for an injunction, said nothing about the merits of Plaintiffs' conduct-based waiver claim. The court's order said only that the injunction was denied "[f]or the reasons discussed in open Court." During the proceedings to which that written order referred, Defendants had argued that, under Howsam and Klay, it is for the arbitrators to decide questions of waiver; Defendants also argued that, even if the court did itself decide the waiver issue, Plaintiffs should simply lose on the merits of the waiver issue.

---

[6] See Ivax Corp. v. B. Braun of Am., Inc., 286 F.3d 1309, 1316-17 (11th Cir. 2002) (alleged waiver based, in part, on the appellant's filing of a state-court lawsuit against a third party); S & H Contractors, Inc. v. A.J. Taft Coal Co., Inc., 906 F.2d 1507, 1514 (11th Cir. 1990) (alleged waiver based on the appellant's filing a federal lawsuit and deposing five of the appellee's employees); E.C. Ernst, Inc. v. Manhattan Constr. Co. of Tex., 551 F.2d 1026, 1040-41 (5th Cir. 1977) (alleged waiver based on the appellant's actively defending against a federal lawsuit and engaging in discovery for two-and-a-half years).

9

The district judge, after taking a recess to read Howsam and Klay, said "[t]here is no reason, given what is discussed in Klay[,] that we need to step off that arbitrable track. . . . So the motion for injunctive relief is denied." The district judge did not say anything about the merits of Plaintiffs' waiver claim. In context, we understand the district court to have decided only that the issue of waiver was for the arbitrator.

Because we conclude that questions of waiver based on a party's litigation conduct are for the courts to resolve, the district court's failure to decide itself the waiver issue was a legal error and, therefore, an abuse of discretion. See Belize Telecom, Ltd. v. Gov't of Belize, 528 F.3d 1298, 1303 (11th Cir. 2008) ("A district court abuses its discretion when the court fails to apply the proper legal standard or to follow proper procedures in making its determination."). We therefore VACATE the district court's order denying Plaintiffs' emergency motion for an injunction; and we REMAND for the district court to consider, on the merits, Plaintiffs' claim that Defendants waived the right to arbitrate by first filing several lawsuits against Plaintiffs. If the district court concludes that no waiver occurred, the district court is free to reenter the now-vacated order denying an injunction.

Because the district court's order confirming the arbitration award can only stand if arbitration was permissible, we also VACATE that order. If the district

10

court concludes that no waiver occurred and that the order declining to enjoin arbitration can thus be reentered, that court is free also to reenter its now-vacated order confirming the arbitration award. But if the district court concludes that Defendants did waive the right to arbitrate, then the arbitration should be enjoined; and no award will exist to confirm or to vacate.

VACATED and REMANDED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia