UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-23035-CIV-COOKE

GRIGSBY & ASSOCIATES, INC.
and CALVIN B. GRIGSBY,

      Plaintiff,

vs.

M SECURITIES INVESTMENT, INC. d/b/a
HOWARD GARY & COMPANY and the ESTATE
of HOWARD V. GARY,

      Defendants.

_____/

**DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD
IN CONFORMITY WITH THE ELEVENTH CIRCUIT'S MANDATE**

Defendants M Securities Investment, Inc. ("M Securities") and the Estate of Howard V. Gary ("Gary" and collectively with M Securities, the "Defendants"), by undersigned counsel, hereby move in conformity with the mandate of the Eleventh Circuit Court of Appeals (D.E. 170)[1] for an order confirming the arbitration award entered in Defendants' favor against Plaintiffs Calvin Grigsby and Grigsby and Associates, Inc. (collectively, "Grigsby"), and in support thereof states as follows:

**PROCEDURAL HISTORY**

Grigsby commenced this action in an attempt to prevent an arbitration that Defendants commenced from going forward. The arbitration proceeded and Defendants obtained

---

[1] The mandate was issued on October 19, 2012.

an award against Grigsby. Defendants moved to confirm the award they obtained (D.E. 71) and Grisby moved to vacate it. D.E. 56. This Court confirmed the award and Grigsby appealed to the Eleventh Circuit Court of Appeals. D.E. 116.

The Eleventh Circuit vacated the judgment of this Court and remanded on a very narrow issue. See D.E. 170 and the Eleventh Circuit's ruling on Defendants' motion for rehearing and rehearing en banc filed on October 10, 2012 (the "Ruling on Rehearing"). Specifically, the Eleventh Circuit concluded as follows:

> The district order confirming the arbitration award is vacated and the case is remanded for further proceedings. The award may be confirmed only if the district court determines de novo–anew, by itself, and for itself–that the Defendants did not waive the right to arbitrate by their pre-arbitration conduct, including their earlier filing several lawsuits against the Plaintiffs.

See Ruling on Rehearing. The Eleventh Circuit further determined that if the District Court concludes that no waiver occurred, the District Court is free to reenter the now vacated judgment confirming the award. *Id., see* D.E. 170.[2]

Inasmuch as Defendants did not waive their right to arbitrate and, in any event, Grigsby cannot demonstrate prejudice, Defendants respectfully request that an order be entered determining that no waiver occurred and reentering the amended judgment confirming the arbitration award (D.E. 169).

---

[2] The Eleventh Circuit was initially concerned as well about whether an injunction should have been issued to prevent the arbitration from going forward, but concluded after briefing on Defendants' motion for rehearing that the issue was moot given the completion of arbitration. Ruling on Rehearing. The Eleventh Circuit determined that the award could be confirmed if the Defendants did not waive arbitration. *Id.*

**ARGUMENT**

**1.      No Waiver by Defendants Coupled with Prejudice To Grigsby**

Waiver occurs where (1) a party substantially participates in litigation to a point inconsistent with the intent to arbitrate, and (2) the participation results in prejudice to the opposing side.  *Morewitz v. West of England Ship Owners Mut. Prof. & Indemn. Assoc.*, 62 F.3d 1356, 1366 (11th Cir. 1995).  "First, [the Court must] decide if, 'under the totality of the circumstances,' the party 'has acted inconsistently with the arbitration right,' and, second, [it must] look to see whether, by doing so, that party 'has in some way prejudiced the other party.'" *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315 (11th Cir.2002) *quoting S & H Contractors, Inc. v. A.J. Taft Coal Co.,* 906 F.2d 1507, 1514 (11th Cir.1990).

In applying this two-part test, the Court must be mindful of the strong federal policy favoring arbitration.  "As a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983); *see, e.g.*, *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.,* 553 F.3d 1351, 1366 (11th Cir.2008) *quoting Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 221, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985) ("The role of the courts is to 'rigorously enforce agreements to arbitrate'"). Because of the federal policy, the party claiming the existence of waiver "bears a heavy burden of proof." *Stone v. E.F. Hutton & Co.,* 898 F.2d 1542, 1543 (11th Cir.1990) (per curiam) *quoting Belke v. Merrill Lynch, Pierce, Fenner & Smith,*

693 F.2d 1023, 1025 (11th Cir.1982), *overruled on other grounds by Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985).  Here, Grigsby has not and cannot meet its heavy burden of showing either waiver or that it was prejudiced as a result of prior cases that were dismissed without prejudice, where Grigsby was not served with process in most cases, where Grigsby did not file any pleadings, and where no discovery was taken of Grigsby.  Accordingly, this Court should determine that the Defendants did not waive the right to arbitrate by their pre-arbitration conduct and should reenter the judgment this Court entered in favor of Defendants against Grigsby.

The facts are that M Securities filed two separate federal court cases wherein Calvin Grigsby and Grigsby Associates were named as defendants along with several other defendants.  In case no. 1:00-cv-03278-Leonard (S.D. Fla.), filed in 2000, no service was obtained on either Calvin Grigsby or Grigsby Associates and the case was dismissed against them on September 28, 2001, without prejudice for lack of timely service of process.  D.E. 50-2 at pp. 7-8.  The court then consolidated case 03278 (which had remained pending against other defendants after the dismissal of Grigsby) with case no. 00-cv-1951-Leonard.  D.E.1-2 at pp. 95-96.  No service of process was made on, no answer was filed by, and no discovery was taken of Calvin Grigsby or Grigsby Associates in that case.  That consolidated case was dismissed without prejudice by order dated July 5, 2005.  *See* D.E. 50 at p. 4 and Ex. 9 thereto.

The second case federal case that was filed by M Securities against Grigsby was case no. 1:02-cv-21906-Leonard (S.D. Fla.) that was filed in 2002.  In that case as well, no service was obtained on either Calvin Grigsby or Grigsby Associates, and the case was dismissed by the court *sua sponte* as being virtually identical to case no. 00-cv-1951-Leonard.  *Id*. at pp. 5-6

and Ex. 5, 6 and 7.  The order did not contain the words, "with prejudice." *Id*.

M Securities also filed one state law case in 2001, case no. 27975-CA-01. That case also was dismissed without prejudice by court order for failure to prosecute.  No answer or motion was filed by Grigsby, no discovery was undertaken of Grigsby, and no showing can be made that Calvin Grigsby and Grigsby Associates were prejudiced in any way by being named in that matter.  D.E. 50 at p. 6 and at Ex. 10 thereto.

Defendants' mere filing of complaints and the passage of time are insufficient bases to find Defendants waived their rights under their arbitration agreement. *See, e.g., Hodgson v. Royal Caribbean Cruises, Ltd.,* 706 F.Supp.2d 1248, 1257-58 (S.D. Fla. 2009); *GLF Constr. Corp. v. Recchi-GLF*, 821 So.2d 372, 374 (Fla. 1st DCA 2002);  *Kwalick v. Bosacco,* 478 A.2d 50, 52 (Sup. Ct. Pa. 1984) *citing Vespe Contracting Co. v. Anvan Corp.,* 399 F.Supp. 516 (D. Pa. 1975) (the mere filing of a complaint or answer without demonstration of resulting prejudice does not justify a finding of waiver of a right to arbitration).  Delay alone has been found difficult to apply consistently and, therefore, the prejudice "'must be evaluated in the context of litigation activities engaged in during that time.'" *Hodgson,* 706 F.Supp.2d at 1257 (citations omitted). Inasmuch as Grigsby was not served in two of the cases and was not required to answer or respond in the third, the "litigations activities engaged in during that time" were minimal to nonexistent.  In addition, it cannot be said that Defendants caused Grigsby to incur substantial expenses. *Id*. at 1258; *Morewitz*, 62 F.3d at 1366 ("Prejudice has been found in situations where the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate").  No showing has or could be made that Grigsby

incurred the type of expenses that would support the heavy burden Grigsby must bear to support a showing of prejudice. *Hodgson,* 706 F.Supp.2d at 1258 (filing response to motion to dismiss, one page reply to answer, motion to strike, service of interrogatories and notice that case was ready to be tried found insufficient expenses to support finding of prejudice). Accordingly, Defendants' arbitration against Grigsby was not barred by the doctrine of waiver and this Court should reenter the final judgment confirming the arbitration award.

**2.      Waiver is Not Applicable Because of Changed Circumstances.**

At the time that Defendants instituted the prior cases against Grigsby and others, no motivation existed for Defendants to actively pursue Grigsby because no evidence came to light at that time that Grigsby had personally benefitted from any of the improper conduct alleged by Defendants. Circumstances changed several years later when Defendants obtained knowledge that Grigsby had in fact obtained funds that it was contractual obligated to share with Defendants. It was as a result of this changed circumstance that Defendants initiated an arbitration against Grigsby. Thus, even assuming that an initial waiver had occurred and prejudice had resulted, change circumstances may constitute a basis to allow a party to revisit its prior waiver and demand arbitration anew.

The facts are that M Securities was an underwriter of municipal bonds in Miami-Dade County, Florida and in other locations in the United States. D.E. 1 at 1-1 p.12. M Securities had been selected as the co-underwriter with Grigsby Associates on a bond offering and swap transaction involving approximately $183 million in industrial revenue bonds issued by Metropolitan Dade County on behalf of Montenay Power Corp. ("Montenay"). *See* D.E. 1-1 at pp. 15- 16, Letter of Juan Portunado, President of Montenay, attached as Exhibit 1 to M

Securities' arbitration statement of claim ( the "SOC"); D.E. 1-1 at pp. 17- 43, Bond Purchase Agreement, attached to the SOC at Exhibit 2; and D.E. 1-1 at pp. 44-48, Agreement Among Underwriters, attached to the SOC at Exhibit 3. The bonds were secured by revenues generated from the Miami-Dade County, Florida Resource Recovery Facility, which was a waste-to-energy facility operated by Montenay.

M Securities and Grigsby had a binding agreement that M Securities would receive as its compensation for the underwriting and swap transaction an amount equal to the sum of (a) 25% of the underwriting fees and (b) 50% of the net profits, after deducting expenses of approximately $500,000, from the swap transaction. *See* D.E. 1-1 at pp. 49-50, Letter of Dade County Commissioner James Burke, attached to the SOC at Exhibit 4. Grigsby lined up a company owned by J. Donald Rice to perform the swap transaction. Both the issuance of the bonds and the swap transactions were successfully completed. *See* D.E. 1-1 at pp. 51-52, Article, The Bond Buyer, attached to the SOC at Exhibit 5. As a result of the issuance of the bonds and the swap transaction, Grigsby owed M Securities approximately (a) underwriting fees of $250,000 and (b) somewhere between $1 million and $2 million of Claimant's share of the net profits from the swap transaction. *Id*.

For reasons unknown, the companies owned by J. Donald Rice failed to deliver to Grigsby the profits from the swap transaction. Accordingly, Grigsby Associates and Calvin Grigsby filed a lawsuit in the federal district court in Manhattan against J. Donald Rice and his companies on July 10, 2000. *See* D.E. 1-2 at pp. 35-36. Grigsby Associates and Calvin Grigsby alleged that J. Donald Rice and his companies owed them profits from the municipal bond swap transaction. *Id*. On August 22, 2005, Grigsby Associates and Calvin Grigsby entered into a

settlement agreement with the companies owned by J. Donald Rice. *Id*. Pursuant to the settlement agreement, the companies owned by J. Donald Rice agreed to pay $1,750,000 to Grigsby Associates. *Id*. The settlement agreement stated that $182,966 would be payable every three months from December 15, 2005 through September 15, 2007, along with interest accruing at the rate of 4%. *Id*.

In 2006, M Securities discovered the fact that Grigsby Associates and Calvin Grigsby had sued and settled with the companies owned by J. Donald Rice, when M Securities obtained a copy of Grigsby Associates' Form X-17A-5 directly from the Securities and Exchange Commission. *See* D.E. 1-2 at pp. 24-44. The Form reflects a discussion of the lawsuit against J. Donald Rice and his companies and the settlement, as follows:

> The Company and Calvin Grigsby filed a lawsuit in the federal district court in Manhattan against J. Donald Rice Jr., Rice Derivative Holdings, L.P., Rice Derivative Holdings Corporation, GBR Derivative Products Company, L.P., GBR Derivative Products Corporaton GBDP, L.P., GBDP Holdings L.P., GBDP Corporation, GB Derivative Products Company, L.P., and GB Derivative Products Corporation (Collectively "Defendants"). The Company alleged that they were owed monies by the defendants from the operation of a series of limited partnerships involving the parties (see Note 2), which partnerships engaged in interest rate swap transactions in connection with municipal bond financing.
>
> The complaint set forth the following claims: (1) to compel inspection of the defendants' books and records; (2) an accounting; (3) breach of fiduciary duty; (4) unjust enrichment and (5) constructive trust. The complaint sought both equitable remedies and damages for breach of fiduciary duty in an unspecified amount.
>
> The Company entered into a settlement on August 22, 2005. The Company was awarded $1,750,000 and has collected $350,268. The settlement agreement states that $182,966 will be payable every three months from December 15, 2005 through September 15, 2007 at four percent interest.

CARLSON & LEWITTES, P.A.
One Southeast Third Avenue • Suite 1200 • Miami, Florida 33131 • 305.372.9700

> The settlement agreement also states that if an agreement terminating a Phase I swap can be reached, the Company will effect a dissolution of GBDP Holdings, L.P., GB Derivative Produces Company, L.P., GBDP Corporation, and GB Derivative Products Corporation.

*See* D.E. 1-2 at pp. 35-36.

It was Grigsby's failure to remit to Defendants the portion of the fee which Defendants were entitled to receive that led to Defendants take affirmative steps to obtain recovery against Grigsby. Defendants commenced an arbitration against Grigsby and, thereafter, obtained an award against Grigsby.

As a result of Grigsy's receipt of funds, Defendants had significant reason to pursue Grigsby, as opposed to the other parties to the litigations. It has been recognized that changed circumstances may constitute a basis to provide Defendants with a "'fresh clock' with regard to waiver" even where the party may have previously been found to have waived the right to arbitrate. *Beaver v. Inkmart, LLC*, 2012 WL 3834944 (S.D. Fla. 2012) *quoting Krinsk v. SunTrust Banks*, 654 F.3d 1194, 1200 (11th Cir. 2011). Thus, even assuming that any waiver had occurred and Grigsby had been prejudiced thereby, the changed circumstances should constitute a sufficient basis to provide Defendants with a "fresh clock."

WHEREFORE, Defendants respectfully request that this Court enter an order determining that no waiver occurred and Defendants are entitled to have the judgment entered in their favor confirming the arbitration award reentered; together with such other and further relief in favor of Defendants that this Court deems just and proper.

*Attorneys for Defendants*:

CARLSON & LEWITTES, P.A.

By:     s/Curtis Carlson
    Curtis Carlson, Fla.Bar. No. 236640
    1200 Suntrust International Center
    One Southeast Third Avenue
    Miami, Florida 33131
    Telephone: 305.372.9700
    Facsimile:  305.372.8265
    E-mail: carlson@carlson-law.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF and by United States mail this 29th day of November, 2012 to:

Calvin B. Grigsby, Esq.
311 California Street
Suite 320
San Francisco, CA 94104-2605

Gordon Charles Murray, Esq.
550 N.E. 124th Street
North Miami, Florida 33161

By:     s/Curtis Carlson